Good morning. My name is Stacey Weldly Wade and I'm from Missoula, Montana Here representing the appellant Mark Kowack and I would like to reserve at least two minutes if possible for rebuttal After the other side has had an opportunity to speak. I Apologize in advance. I've got a cold. So my voice is a little bit ragged This case is really very straightforward Freedom of Information Act case Obviously as your honors are well aware the general rule is full disclosure Unless one of the one or more of the exceptions apply, but but we've read the unless pretty broadly So That is correct however, I mean essentially your client would like to know what these people said during the investigation and The other side is saying if we tell you that you know who they are and that makes public and that compromises them and compromises the investigation, that's the that's the nub of the argument That is the nub of the argument. Absolutely. It is our position. However, though that even though broadly construed exemption six Which had and and frankly the bulk of the materials that have been withheld by the Forest Service the bulk of them were withheld under exemption six, which is the personnel record Personal information, but I think it's significant that even though it has been broadly construed by the Ninth Circuit The similar files it has to be disclosure of such information which would constitute a clearly unwarranted Invasion of personal privacy. Let me ask you first. Is it two-step process one? Is it a personnel file or a similar file? Do you think that accident? Or Witness statements are part of a Personal file of the person who gives it Actually, there is there is no evidence on the record There's been no statement made by the Forest Service that any of these materials were made part of the employees personnel files At all because when an incident is investigating then and they take statements from several witnesses I don't know of any evidence that those witness statements find their way into that person's personnel file That is correct. That is correct, Your Honor And what I think is important here is that in this case the it's the Forest Service that has the burden of proof But but these statements don't have to find their way into the personnel file to be considered No, no, they do not I mean, it's a but but what is important is the statute says Personnel or medical or similar file in this particular case. This was investigation of government workers conduct on government property in a government program and what is really important here is that this is a program for civilian disadvantaged youths and so to the extent that There is an investigation of what's going on These people working and engaged in their official business Really have no expectation of privacy as to what they are doing as a part of their jobs This is not a medical file. This is not a Necessarily a disciplinary action. We have never requested and never insisted on the disclosure of these names of these people However, what is important is that the the rules clearly say that Pardon me or the cell phone or the cell phone or their addresses or anything else like that but what is really significant here is that the There was no attempt by the Forest Service to really segregate out or tell why they could not segregate out the factual content Of the investigation and I think it's also very important to note that My client a very long-term teacher at the Forest Service submitted his complaint but not only because he was concerned for his own safety and well-being but because he was concerned for the safety and well-being of the students and When he got the report for which he made his FOIA request the cover letter from the chief Indicated that an investigation had been conducted and that there was no Substantiation for the allegations. There were three things being investigated workplace violence threats and also Excuse me Negative and harassing work culture and this is important in this setting. These are students who live on campus 24-7, but how could you how could you segregate out the factual content that you're talking about without giving the Public the knowledge as to who these workers were because there are only four of them winter I mean, they'd be pretty well identified pretty soon There were four that that is true, but in terms of their observations of Conduct in a public setting that would not necessarily identify any given one of them But but here's what also is is interesting. As I said the chief and for the record the chief's The chief's letter says the investigation did not substantiate the allegations. Therefore the Investigation has been closed. We asked for the FOIA report when we when we got it First of all, we only got part of it We had to threaten lawsuits to get the second part And then when we finally got it what is significant is that is not that statement is not borne out by their own record and if I could Reference in Excerpt of record volume 2 at page 86. This is their own report There they made the finding that there is in fact a negative work culture but what's also interesting is that Then they don't provide any information on finding number one and finding number two hostile work environment and threats They have painstakingly carved out some information some factual information It is quite limited, but the excerpt of record for example on page I believe it's 50 and 54 demonstrate that but when it comes to the one section of the report that they did find was Substantiated all of a sudden we are not provided any information whatsoever Nothing was carved out if you started a lawsuit These statements of the witnesses would be given you correct. That's correct What you're trying to vindicate is not your individuals right to Compensation what you're trying to vindicate is the public's right to know Why should the public care about whether there's? Fighting and bumming for people in the center in Your honor the public wouldn't necessarily be interested in knowing about in fighting However, the allegations that are in the record substantiate that there was behavior very aggressive behavior by one of these instructors and that students were present and In the materials that were provided the chief's own anti-harassment policy indicated that center directors were Absolutely directed that they should anytime in a complaint was issued They should immediately Investigate and that's the one one of the points of this FOIA investigation The public does have the right to know whether it's center directors are in fact following policy to prevent potential damage to the students or even to other Workers or other employees and what it's what is clear is all of that information It is clear here that all of that information has been withheld from us The center director was interviewed. None of that information has been provided to us Based on what we do know my client Mark Kowak went to the center director in December of 2008 Nothing was done. It took him until he contacted Senator Max Bacchus and Senator Max Bacchus his office then contacted The office in Washington before any investigation took place. That was a year later Even even though the center direct even though the center director you have a FOIA case And you're complaining about the substance of investigation And I you know the separate issues I One has to do with disclosure Your clients unhappiness with investigation is not proper subject of system, how is it relevant to the FOIA claim? The reasons it's relevant to the FOIA claim is because we were never we're we've not been provided the the the information If you take a look and I that's your claim. This is why you're here. You claim that this is Should have been disclosed on the FOIA This would be true whether your client was happy with the investigation or not happy with the investigation, I don't see how Going to Senator Bacchus or not going to say, you know, how does any of that bear on the on the This issue that we have before us it bears on the right of the public to know The Forest Service has made the claim that As was point, you know Suggested that perhaps, you know, this is just some infighting and nobody has a right to know that's not true the center director was mandated to do an investigation as Far as we have been able to tell in what was provided that didn't happen now Maybe it was there but again the investigation was type of this Here's the investigation wasn't substantiated closed. We asked for the record. This goes to the public interest factor Correct and I and that is I think the defects if you will and in the brief We discussed it there were defects in the Vaughn in index the and I apologize if I'm mispronouncing it, but in the Yanomoto decision This court basically said that the Vaughn index must identify each withheld document Describe its contents to the extent possible and give a particularized Explanation of why each document falls within the claimed exception and They're supposed to provide as much detail as possible and then for each Document they are to explain if they can't segregate out the factual portion Why not and I would submit that number one that was not done there are groupings of 22 pages of documents where If you look at the record, I mean complete blackout There is point out Yes, yes if you for example would look at this is excerpt of record volume 2 page 90 Okay, and this this is what's interesting now This is this has to do with allegation 3 that was being investigated the negative thing a letter from prison Pardon me. It looks like a letter from prison. It does. I mean we we have no idea What was there but this is under negative work culture maybe from the army in World War two, right? Under the negative work culture. This is the area to pick page 91 Well, I was gonna say you can look at page 91 as well. You can look at page 92 Well page 91 has nothing but blackouts 93 94 95 I mean As to each of those they said Exemption six applies because it would cause I think Embarrassment shame stigma and harassment, right? And that's exactly the ground upon which we held in Yanomoto Yes emails for and emails 10 that they should not be produced. So why doesn't that apply here? Well For a couple of reasons number one in Yanomoto at least there was an identify And actually the Ninth Circuit was very critical in Yanomoto of the fact that there was some deletion Because it said some medical medical issue involved But this court was very critical because they said while at first glance a medical issue might seem On its face to be a personal privacy matter The because the Vaughn index did not disclose the specific nature of what the medical condition was There's no medical condition. That's just the embarrassment is to the workers who gave statements regarding the Bickering and harassment and fighting that occurred in the workplace. They want to be singled out But your honor the Problem is here is that it is up to the Forest Service to identify the privacy interest here They have not they have not even identified. What is the privacy nature of? Interest is the embarrassment shame stigma and harassment of being involved in a workplace dispute Actually, that wasn't what was being investigated it wasn't a workplace dispute what was being investigated and which which frankly place culture harassment the culture True but but but but at the a privacy interest in con the job conduct in a public setting your honor is not the kind of Privacy issue that would be contained for example in a medical file or in a personnel file And and I think this is very specific perhaps as to the underlying employees But all of the information with regard to the center director was similarly who does not have that same right of privacy it was her Responsibility to make sure that she complied with the anti-harassment policy and that's simply and yet We have no basis your honor because of the lack of information that was provided to know what is in the record So what are you asking my way of relief in wave relief? We are asking that with regard to the witness statements and with regard to the report that that portion that can be segregated out as facts The factual portion of what they observed. I don't think you heard my questions We don't do that, you know, I'm asking you what you want us to do. What do you want the way of relief? I We would ask you you don't want us to take the stuff and look at it and do all the stuff Okay, so did you hear my question? We would like to understand the question. Yes. I do your okay Do you ask what we ask the question? We would like it remanded back to the district court with instructions that the Forest Service be Required to do a proper read She wanted me to involve in this Redo of the bond index but also that that if the bond that the materials that were provided if a if if the factual portion Can be exercised out without identifying names Addresses or any of that kind of test exercise exercise is what you do What you do out there on the trail that that information be provided We are also asking your honor that in the in the event that that does take place that my client be awarded his attorney's fees Reasonable amount of attorneys fees. I'm glad you added that that's true. That's a very important part of the case Yes, thank you very much. Thank you. We'll hear from the government What would the fees be under whether it did the EJ fees? Pardon me. This is equal access to EJ fees. The fees would come under what I Believe under the Freedom of Information Act. Yes, it provides for an oil. It has a specific It doesn't okay Please the court George Darragh with the US Attorney's Office for the District of Montana hearing on behalf of the United States Forest Service That issue obviously in this case is the Redaction of 48 pages of the report of investigation that was done in this matter I think it's important to identify there were five specific categories Identified in the within those 48 pages 22 pages of all witness statements made to the investigator by statements by witnesses by witnesses, correct 17 pages were routine documents that were gathered by the investigator which basically included summaries of the witness statements his Recommendation we do we do know what was excess or the nature of the things exercise But what why is that just a highlight? Have you justified talk about exemption six in particular? Thank you My point was that I believe the crux of this case is the witness statements which were withheld under exemption six The exemption six pertains to personnel files medical fails files or similar files And under the Washington Post cable, even if you get there, let's say we say these are similar files You still have a balancing to do the correct. Okay, and how have you decide the public? Policy, how have you identified? The factors are going to the balancing. Well, we identified the Individuals right to privacy as judge Bayer indicated as the embarrassed The identity of the individuals were interviewed is no secret It was specifically I disclosed in the Vaughn index that the people interviewed were the four Individuals that work in the Education Department Which included mr. Kovac the service center director and two other employees, okay So if you if you identify the individuals Doesn't that I mean it's one thing to say look we're not going to provide the statements because that would identify the individuals But once you've identified the visuals, what's your argument for not disclosing the statements the individuals? would be subjected to They provided candid personal and individualized complaints against with each other. Well, that's a fact. But how does that? It's one thing to say look these are secret. These are confidential people We don't know nobody knows who they are when we give you the statements. They will say things that will disclose your identity Right, but I don't but you're saying we know who the individuals are We're going to hide what they told us What does that where is a privacy interest in that and we're in having statements? Statements withheld as opposed to identity identity I understand, but you've already given up identity How do you how do you justify withholding the statements? Well, the statements would subject them to embarrassment ridicule Inner office disputes, how do we know that? You say that but what is it here that persuades me that that's true The persuades has a judge look has anybody looked at it other than your client To you know, do we take your word for it? I mean, maybe the statements are I don't know. I don't know I don't know. I never heard I never saw you know, how do we know? How do we know this the bond index and how what does the bond index a declaration that was submitted to the court Okay, point me out. We're in the excerpts. Let's let's walk through it in the excerpts of records And I think it would be on pages. You don't have to thank you to give me a page page 29 and 30 29 30 Okay Okay Okay, I'm I'm there and what does it on page 29 very Where the individual that review paragraph number Responsive records withheld pursuant to FOI. I'm sorry. You're reading from which page on page Excuse me page 128 of the excerpts of record. You just said 29 30. Sorry. It was 120 128 129 130 Okay So, I'm sorry what She's particularly I'd like 128 129 which one? Well, it starts at the page 128 and goes over to page 129. All right, so give me a page number and a paragraph number Paragraph 34 at the bottom of page 129 That's about the first category of records and witness interviews it talks about the Six statements ranging from three to five pages each total 22 pages Personal privacy interests of six individuals who submitted the statements in cooperation with investigation are significant These individuals were specifically identified. I don't want to read the whole thing But what do you know read me the part that matters? I mean read me the part of persuade me of your point No, not the whole thing. You said it's in here. So talk to me about what it is in here that that supports the claim that Disclosing the statements with the subject of embarrassment Does the statements reflect very candid personal and individualized complaints and grievances that employees raised? Concerning their work conditions co-workers and management. Okay, the account of incidents described in the witness statements are so detailed Disclosing them would lead to the identification of the employees given the small size of the office. There was in what you've already said that We know who the employees are so the fact that I understand the argument look we don't know who these people are But once they talk Their statement will tell us who they are because only certain people know this information. I understand that but you've already given that away Because we already know who the individuals are Okay, what is it about this that Persuades me or you know comes to anybody that that in fact Anything they have said will Will subject them to all these things This is the statement that was made by somebody who has reviewed those statements and this is what the declaration I see So we take the word of somebody who has reviewed the statement. We don't have any obligation to to review it ourselves They don't get they don't get a chance to cross-examine or then again a chance to look at the statement dispute it That's correct. And what is it that this person says? I Mean says that lead to identification But what is it that they say here about embarrassment and all this stuff? Just what she has there. Well, what which which words? Where is the word embarrassment? Yeah I'm page 130 I don't see I don't see any claim that the content of these statements will subject the statement giver to embarrassment Get the words out of out of the owner out of embarrassment shame stigma and harassment that The language that the judge burrs on using your honor on has to email for Where's that here? Yeah, I can't cite you. All it says that Is that they're candid? Individualized complaints and they will lead to identification of the employees who you've told us are already identified, right next So why don't you lose at this point? Well, first of all What was done in this case was the plaintiffs asked for an in-camera inspection judge Malloy denied that motion Ordered the government to submit the bond index Following you know, we've reversed just more before he's a great guy and big guy You know, we've done it before that's fine So so what why isn't this another instance where we send it back to just more and say give us a do-over You are here Just saying, you know, you told us what the standard is. You've pointed out the part of the record that you think supports it You haven't come up with anything that supports it. So why isn't this? The time for you to say, okay. Well, sorry, we'll take it back to judge Malloy and try to do a do-over First of all, I don't want to be on the record as conceding because judge Malloy Determined from looking at the bond index that was particularized that was identified what these statements well, we can't let you go off the record Sorry, you whatever you say will be on the record. I'm asking you you're standing there. You're presenting the United States Okay The United States and you know, you've got to be straight with us and what is it that supports the judgment here? I mean if you know you we have a standard that's set out in Yamamoto You say here we've got evidence of this. We know judge Malloy hasn't looked at it. We know he didn't say Oh, yes, I've seen these statements and boy would these employees be red-faced if they If anybody knew they made these statements, so we don't have a judicial officer or anybody So you say well, we're all trust us trust us, you know We we've got a guy who looked at them and you know, so we look at his statement. His statement doesn't say it either So, let's say I really wanted to help the United States here I really wanted to ruin your favor How would I write an opinion saying that well, how would that justify? Well, what would I say that that would you know? So it wouldn't get me reversed by Supreme Court or or embarrassed or in the blogosphere or anything like that In Yamamoto with the court did determine that the bond index was not Here Say that we're conceding but I know I know I know you prefer not to but the question is what basis in the record Do you have for saying anything else? If you want to say nothing further you can sit down But am I giving you a chance to sort of say something that supports your position your honor? I would just say that one of the options is to remand it back for an in-camera review If judge Malloy wants to look at it He has the discretion to do an in-camera review or feel if there's a sufficient information has been made available to him to apply What's the big deal here? Why not? Just provide the information. I don't get it. You have a small workforce. I mean the entire Job Corps has 62 employees You had four people working in education department that based on the complaint is obvious Don't get a little for it for is all about is not about saving embarrassment of government employees Foyer is exactly what's passed specifically to counter the tendency of government agencies to hide the ball Particularly when it's embarrassing to the people running the show. That's what was passed way if you go back and you look at Forget when I was passing 43 years. I mean it was a long time ago, but but But that was the whole thing government agency with people would ask for records of information government agency No, we don't disclose and the reason didn't want to disclose it is it would embarrass us if we you know, we don't like to have the public look at it because Embarrasses and that's exactly the wrong reason to so what you know, I Mean it's different if you say oh, this is something that would disclose personal information about them I mean if their statements that say look I am and this is not this case But you know, I have a loathsome disease or you know, I'm you know, I've got You know, you know something something personal that would be embarrassing. It's it's it's different if if in fact it involves Somebody's trade secret, you know, there are categories of things for religion with reasons to keep it secret, but just being embarrassed It's not a reason the balancing test is the individual's protection of right privacy versus the public's right. Is there a right to privacy? In statements you make in a government investigation about your government job Since when is there a private privacy in there? What is the public's interest in knowing that two employees don't get along with each other? The public's interest is in knowing whether or not this service is being run by a bunch of bullies And whether people are being fired because they're doing their job Well, I think what the public would have every interest in knowing that whether they are If there is a culture if there is a culture of violence that's going on and that's being Tolerated by people paid for by the taxpayers. I would think this would be of immense interest to the public But there was never an allocation of wrongful discharge. Anybody was discharged and The claim is there's a culture of violence here and That that's the claim and apparently the report Says that there is a culture of violence and so we're running this this this this this program at government expense at taxpayer expense that You know according to at least one view of it is is promoting violence and it'd be sort of like having a prison violence I mean, let's let's say this is not this case but unless you had a prison and it turns out you had a report that said the guards beat up and I would think that that's the kind of thing the public would want to know about because they want to know whether to fund The prisons or whether they ought to change the personnel practice and so on. Why is this exactly this case? Why why wouldn't the public maybe be outraged and say this ought to be this service? The way this program is being run ought to be reconsidered Isn't that exactly what your clients are trying to protect themselves against? Public pressure from criticism and isn't that exactly what FOIA was meant to avoid or to counteract? What's your response to opposing counsel's suggestion that even if the names aren't revealed if there are factual statements that are made those could be disclosed without compromising the identity of the person given the statement again, you know getting back to the Declaration where the declarant who's reviewed these documents basically says there are candid descriptions that relate to How they feel about co-employees The service director the service directors a statement obviously we had comments about what she feels a lot So if they if the employee states what he or she feels about the director How does that identify the person who gave the statement I think it's so small and I think there's very specific Comments being made or be easily identifiable who that individual is But if somebody's for example says I hate the director because he's a bully I'm not saying I don't know what the statement say. So I don't want to be understood this I Mean, I don't know. I I've said never seen him. But let's say somebody says how would you know, which of the four it is? The only thing that would be embarrassing is idea that you know that somebody of the four said it Right Again, I just think that there's it's such a small Identifiable group that it's going to be no It would be virtually impossible not to know who said what which one of the which one of the statements and What do you have to support that? I mean I can imagine that could be the case Let's say one of them only speaks Spanish You know, I'm just giving as an example, maybe from the statements you can deduce who said it because of Phrasing or something like that, but it's just a guess And you don't know as a matter of fact, you're just making it up because you don't know what the statements are either Maybe you do I don't remember were you involved in no So you don't really know what this they did they did produce to our office the redacted portions and the full portions of this I'm asking whether you personally know. Yes, you do know. Yes now your position is I take it that the Vaughn index which states that the focused on the allegations of workplace violence threatening remarks and negative workplace culture Were sufficient facts from which the district court could conclude that there that the revelation of these would cause embarrassment shame stigma and harassment to the people who gave the statements and that factual determination should be Reviewed on abuse of process of use of discretion basis. Is that your idea? The First there's a Tupon standard review the first the court determines de novo whether the district courts ruling has an actual factual basis I believe that's a de novo Then if it's a note over review would you kindly point out to me counsel where there is any Factual basis for embarrassment shame stigma and harassment which were the requirements in Yanomoto for Granting exemption six Your honor Quickly off the top of my head. I referred you to the page that I could I believe in our briefs. We also referred to them and made reference to the excerpt of the records where it can be found Okay. Thank you your claims But if you had some rebuttal time left I think you're a minute 44 Thank you, unless it turns around Um, is that negative numbers we'll give you a minute we'll make it a minute. How about that? I just wanted to point out that your honor's point is well taken if you look at excerpt record volume 2 page 79 and also page 80 The Forest Service has already specifically identified by name The individuals at the Trapper Creek Job Service who were to be interviewed. So in terms of their identities it It's taking an inconsistent position. It can't on the one hand say we're protecting these people because their identities may be Revealed I reveal the identities and then say well, I think we understand the point Let me ask you about attorney's fees if we should reverse you wouldn't get fees now, would you we don't award fees? Because you haven't had an ultimate victory That is correct. That is correct. I in Yanomoto the Ninth Circuit made a suggestion to the district court that that a Fees should be considered if if in fact the Forest Service is or but you have to get ultimate victory, correct? You can see so there's nothing we can do we can And that's another issue for another day That that is correct, but you're preserving your right to request fees. That is correct, Your Honor We've had to take two legal battles Okay, thank you very much another point the other the other point I'd like to make is that The Forest Service's position is inconsistent in that all of my clients information his detailed statement Everything that he submitted was clearly set forth on the record There was no redaction whatsoever. And I think it's entirely if in fact my client as an employee had a right of privacy He had the same right of privacy that the other Individuals who were also employees did and yet everything with regard to my client was completely disclosed There was no redaction other statements made by other people were completely disclosed So this picking and choosing when we're at a disadvantage, we have no idea what is being hit And the affidavit is not sufficiently detailed to even be able to guess what is being withheld So it's thank you. Thank you very much. Okay case of how you were saying submitted
judges: Kozinski, Rawlinson, Bea